IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINETTE TORI BRYANT )
)
    Plaintiff, )
)
  -vs- )   Civil Action 20-727
)
ANDREW M. SAUL, )
)
    Commissioner of Social Security )

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Antoinette Tori Bryant ("Bryant") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income.[1] In an earlier Order, I vacated the Commissioner's decision and remanded this case for further action based upon the ALJ's failure to adequately consider Bryant's Chiari malformation, evidence of which was submitted after the hearing but prior to the ALJ's decision. (R. 590-96). The ALJ convened a second hearing and Bryant, who was represented by counsel, testified, as did a vocational expert ("VE"). (R. 559-84). Ultimately, the ALJ denied benefits. Bryant then filed Written Exceptions to the Appeals Council. (ECF No. 23, Ex. 1). Thereafter, Bryant commenced

---

[1] Bryant filed a subsequent application and was awarded benefits beginning on March 27, 2018. (R. 562). Consequently, the only benefits at issue here are those between September 16, 2014, when Bryant applies for benefits, and March 26, 2018, when she was awarded benefits through the other application. (R. 535)

1

this action. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 17 and 19.

## Opinion

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. [Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998)](); [S.E.C. v. Chenery Corp., 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)](). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." [Brunson v. Astrue, 2011 WL 2036692](), 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

2. The ALJ's Decision

At step one, the ALJ determined that Bryant had not engaged in substantial gainful activity since the alleged onset date. (R. 538).[2] At step two, the ALJ found that Bryant suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"); lumbar degenerative disc disease; Chiari malformation; headaches; depression; and anxiety. (R. 538-539). The ALJ specifically found that Bryant's hyperkeratosis did not constitute a severe impairment. (R. 538). Turning to the third step, the ALJ concluded that these impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 539-41). The ALJ then found that Bryant had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 541-548). At the fourth step the ALJ concluded that Bryant

---

[2] Bryant amended her onset date from 8/1/05 to 9/16/14. (R. 557).

3

had no past relevant work. (R. 548). Ultimately, at the fifth step of the analysis, the ALJ determined that Bryant was capable of performing work in jobs existing in significant numbers in the national economy. (R. 549-550). Consequently, the ALJ denied benefits.

3. Discussion

Bryant's argument is somewhat hard to follow. She makes extensive use of lengthy footnotes. It is unclear whether she is asserting arguments in those footnotes. I would note that a footnote is not a compelling place to advance a critical argument.

(A) Step Three

Bryant's argument that the ALJ erred in concluding that none of her impairments met or medically equaled a Listing is unconvincing. (ECF No. 18, p. 3). Specifically, Bryant states that "[w]e believe that the combination of all her symptoms and pain meets and satisfies the criteria set forth in SSR 16-3p for pain." (ECF No. 18, p. 6). Yet SSR 16-3p is a Social Security Ruling rather than a Listed Impairment. "Satisfying" SSR 16-3p does not somehow lead to a finding that a claimant is *per se* disabled. SSR 16-3p simply "gives guidance to an ALJ in complying with regulations which direct an ALJ to consider a claimant's claims of pain, and 'the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record.'" *Sudler v. Saul*, Civ. No. 18-5064, 2019 WL 7811341, at * 5 (E.D. Pa. Nov. 19, 2019) (*citations omitted*).

She adds, in a footnote, that she satisfies the requirements of Listing 12.04(A) and (B). (ECF No. 18, p. 7 n. 3). Again, I am reluctant to consider an argument raised solely in a footnote. Yet even considering the argument, Bryant simply urges a re-weighing of the evidence which, as discussed below, is not my role on appeal. Further,

4

Bryant does not demonstrate how she exhibits at least one extreme or two marked limitations in any area of functioning, as is required under the "paragraph B" criteria. She simply argues that she should have been "given the benefit of the doubt." *Id*. This is not a sufficient basis for overturning an ALJ's decision.

Additionally, a review of the record assures me that the ALJ's decision is supported by substantial evidence of record. For instance, with respect to the "paragraph B" criteria, the ALJ supported his findings by noting that Bryant's mental status examinations documented normal funds of knowledge and intact memory (R. 539); that Bryant was able to pay bills, take medications, prepare meals, and balance a checkbook without reminders (R. 540); that, while Bryant claimed that she has difficulty being around many people or at public events, she worked the election polls, she shops in stores, uses public transportation, and attends church (R. 540); that Bryant's "mental status examinations documented "pleasant and cooperative behavior and normal speech" (R. 540); that she is able to watch television, read, make posters, pay attention, and finish what she starts (R. 540); and, finally, that she is able to maintain her personal needs and groom independently, go out alone, manage her finances, and complete household chores. (R. 540). Additionally, the ALJ noted that Bryant took care of her aunt's grandchild and was awarded full custody of her 4-year-old nephew during the period under review. (R. 540) Bryant has not provided any convincing argument that the ALJ's findings are not supported by substantial evidence of record. Consequently, I find no error in the ALJ's finding in this regard.

(B) Step Five

Much of the brief is devoted to Bryant's arguing that she suffers from Chiari malformation and hyperkeratosis. (ECF No. 18, p. 3-6). This is not in dispute. The ALJ acknowledged that Bryant's Chiari malformation constituted a severe impairment. (R. 538-539). Further, the ALJ extensively discussed Bryant's Chiari malformation in formulating the RFC. (R. 544-545) He noted that Bryant had surgery for her Chiari malformation and that post-surgery neurological exams showed no abnormalities. (R. 544) Follow up exams revealed no abnormal gait and an indication that Bryant was "doing well" clinically. (R. 544) There is no indication of further neurological visits of record. Additionally, the ALJ acknowledged that Bryant was diagnosed with hyperkeratosis. (R. 538). Yet, as the ALJ noted, the recommendation for treatment was simply the application of ointment and the use of a pumice stone. (R. 538, Ex, B-26F). There is no indication of any follow up concerning this impairment.

Bryant insists that "all these impairments, in combination, supports an award of benefits to the Plaintiff." (ECF No. 18, p. 6) His argument lacks merit. To be clear, the standard of review is not whether there is evidence to establish a claimant's position, *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164, at * 18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings.

As set forth above, substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson*, 402 U.S. at 401. Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). Thus, contrary to Bryant's desire, this Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Consequently, Bryant's entire argument is misplaced.

Nevertheless, I have reviewed the ALJ's RFC determination and find that it is supported by substantial evidence. Therefore, I find no error in this regard and remand is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINETTE TORI BRYANT        )
    Plaintiff,                )
                              )
  -vs-                        )    Civil Action No. 20-727
                              )
ANDREW M. SAUL,               )
                              )
    Defendant.                )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 28th day of June, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 17) is DENIED and the Motion for Summary Judgment (Docket No. 19) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

                                                    BY THE COURT:

                                                    _/s/ Donetta W. Ambrose_
                                                    Donetta W. Ambrose
                                                    United States Senior District Judge